UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD TISDALE, | ) | Case No.: 1:17 CV 1271 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Richard Tisdale filed this action against the United States Department of Justice and the United States Bureau of Prisons. In the Complaint, Tisdale challenges his 2005 federal conviction in this District Court on one count of conspiracy in connection with identity documents and four counts of fraud in connection with identity documents. He asks this Court "to intervene and address the possible irreparable harm that's being done by the adversary's (sic)." (ECF No. 1 at 4). Tisdale also filed a Motion for Preliminary Injunction (ECF No. 2) and an Ex Parte Application for Temporary Restraining Order (ECF No. 3). He asks this Court to enjoin the Defendants from further executing the sentence and restitution imposed on him. For the reasons stated below, the Motions are denied, and this action is dismissed.

**Background**

On December 15, 2004, the federal grand jury in Cleveland, Ohio returned a nine count

Indictment against Tisdale, his brother John Tisdale and Andrea Dent. Tisdale was charged in Count One with a conspiracy to commit fraud in connection with identification documents, to transport stolen goods in interstate commerce and to commit money laundering. He also was charged in four additional counts of the Indictment with fraud in connection with identity documents. Tisdale and the other Defendants stole computers, software and related merchandise from various retail stores and subsequently sold the merchandise to a third party conspirator at a discounted price. The co-conspirator, in turn, sold the stolen merchandise to the public. The Defendants were further charged with stealing the identities of innocent victims to rent storage units and vehicles that were used to store the stolen merchandise and transport the Defendants to and from their target stores, and to open bank accounts into which proceeds from their thefts were deposited. Tisdale was found guilty on all counts on August 15, 2005, and was sentenced to 180 months in prison.

Tisdale's Complaint contains few facts, making it difficult to decipher his legal claims. It appears, however, that he is challenging his 2005 federal conviction. He objects to a search that occurred on October 14, 2003, and claims the Government tortuously interfered with his access to Ohio's judicial process. He contends this case originated in Indiana and federal law enforcement officers obtained federal jurisdiction by backdating information found in his bank records. Finally, Tisdale claims cases filed under 18 U.S.C. § 2712 "do not go to the jury to be analyzed by those who are well versed in the technical aspects of law enforcement." (ECF No. 1 at 4). He contends the description of the car in which he was traveling at the time of his arrest was incorrectly entered into the LEADS database. He asserts the Patriot Act "mandates meticulous compliance with the adversarial back and forth dialogue necessary to address the integrity of the judicial process and protect the plaintiff's constitutional right to be free from unlawful and false information fraudulently

being disseminated through all aspects of access to the judicial systems in the United States." (ECF No. 1 at 4). He states the judiciary has "the power to intervene and address the possible irreparable harm that's being done by the adversary's (sic)." (ECF No. 1 at 4).

## Standard of Review

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light

3

most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

As an initial matter, Tisdale has not identified a plausible legal cause of action which entitles him to relief and none is apparent on the face of the Complaint. He mentions the Patriot Act, and cites to 18 U.S.C. § 2712. That statute section permits the Secretary of State, by regulation, to impose controls on serving in or with the security forces of a designated foreign government, and providing training or other technical services that has a direct military, law enforcement, or intelligence application, to or for the security forces of a designated foreign government. 18 U.S.C. § 2712(a)and (b). Tisdale does not provide sufficient information to suggest how this statute has any bearing on this case or his criminal case. Furthermore, no private cause of action exists to enforce the Patriot Act. *Taylor v. United States*, No. 3:14-CV-P287-S, 2014 WL 4244301, at *2 (W.D. Ky. Aug. 26, 2014); *Sanders v. Michigan First Credit Union Tellers*, No. 10-CV-12517, 2010 WL 3168636, at *2 (E.D. Mich. Aug. 10, 2010); *Gueye v. Thomas M. Cooley Law Sch.*, No. 1:06-CV-00571, 2008 WL 618640, at *7 (S.D. Ohio Feb. 29, 2008); *Ibn-Duriya v. Curry*, No. CIV A 306-CV-473-S, 2007 WL 1191715, at *2 (W.D. Ky. Apr. 18, 2007).

In addition, both the Defendants are agencies of the United States Government. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Plaintiff does not identify a cause of action for which the United States has waived sovereign immunity. He

4

mentions Fifth Amendment and Fourth Amendment violations; however, these claims generally are brought in a *Bivens* action.[1] *Bivens* provides a limited cause of action against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). The United States has not consented to suit under *Bivens*. *Id*; *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Finally, even if Tisdale had identified a cause of action for which the United States has waived sovereign immunity, he cannot obtain relief from his conviction or sentence in a civil rights action. For this purpose, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## Conclusion

Accordingly, Tisdale's Motion for Preliminary Injunction (ECF No. 2) and an Ex Parte Application for Temporary Restraining Order (ECF No. 3) are denied, and this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 2, 2017

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.